# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE, 1849 C Street NW Washington, D.C. 20240,<br><br>    Defendant. | Civil Action No. 15-cv-00853<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the National Park Service ("NPS") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA requests.

2. Defendant has failed to produce any records in response to Plaintiff's FOIA requests, (Request No. NPS-2015-00172 and Request No. NPS-2015-00570) sent via U.S. mail and email on November 17, 2014 and April 20, 2015, respectively. Per 5 U.S.C. § 552(a)(6)(A), Defendant's statutory production periods expired 20 working days after receiving the requests.

3. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

5. PEER's FOIA requests sought records related to NPS's proposed revision of the regulations at 36 C.F.R. § 2.1, which pertain to the preservation of natural, cultural, and archeological resources. Specifically, NPS proposes to authorize federally recognized Indian tribes to gather certain plants or plant parts for "traditional purposes."

6. Defendant's failure to provide the responsive documents within the statutory time period is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. This conduct frustrates the public's right to know the Defendant's reasoning in proposing this rule revision and the information upon which it relied to do so.

7. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

11. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

12. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, and Tennessee.

13. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

14. Defendant, National Park Service, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

15. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

# FACTS

**November 17, 2014 FOIA Request (NPS-2015-00172)**

16. PEER filed a FOIA request on November 17, 2014 requesting documents in connection with NPS Director Jonathan Jarvis's decision to revise the existing regulations at 36 C.F.R. § 2.1 to authorize federally recognized Indian tribes to gather certain plants or plant parts for "traditional purposes."

17. Specifically, PEER requested:

    a. Agendas of the meetings, copies of the meeting notes from any NPS employee who attended these meetings, and of the written comments offered by Indian Tribes, or their members from the meetings held by the NPS with Tribes and Tribal members between July 2011 to present;

    b. any other records from July 1, 2011 to present which relate to the decision to revise these NPS rules; and

    c. records reflecting NPS plans or attempts to comply with the requirements of the National Environmental Policy Act (NEPA) with respect to this rule revision.

18. On December 18, 2014, Plaintiff emailed NPS to inquire whether the agency had received the FOIA request. The Defendant responded on December 18, 2014, stating that the Defendant had received the FOIA request on December 6, 2014 and had assigned it tracking number NPS-2015-00172.

19. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16.

20. To date, Plaintiff has not received any records responsive to its November 17, 2014 FOIA request.

**April 20, 2015 FOIA Request (NPS-2015-00570)**

21. On April 20, 2015, the National Park Service published a notice in the *Federal Register* [Vol. 80, No. 75 / 21674] seeking public comment on a proposed revision of 36 C.F.R. § 2.1 to authorize "Gathering of Certain Plants or Plant Parts by Federally Recognized Indian Tribes for Traditional Purposes."

22. The proposed rule would allow members of federally recognized Indian tribes to gather and remove plants or plant parts for "traditional purposes" from areas within the National Park System. The gathering and removal allowed by the rule would be governed by agreements between NPS and the tribes.

23. In the *Federal Register* notice, NPS makes several statements concerning various supporting materials or findings not otherwise referenced or made available for public consideration.

24. PEER filed a FOIA request on April 20, 2015, requesting documents supporting certain conclusory statements NPS included in its *Federal Register* notice.

25. Specifically, PEER requested the following documents:

    a. all records supporting the National Park Service's statement that, "Research has shown that traditional gathering, when done with traditional methods and in traditionally established quantities, does not impair the ability to conserve plant communities and can help to conserve them…";

    b. all materials reflecting or assembled pursuant to the provisions of the *National Park Service Management Policies 2006* at Section 4.2.1, which directs the NPS to inventory, monitor and research traditional knowledge and authorizes NPS to support studies designed to "understand the ceremonial and traditional resource management practices of Native Americans…"; and

    c. all documents related to the following statement: "The NPS has also determined that the rule does not involve any of the extraordinary circumstances listed in 43 CFR 46.215 that would require further analysis under NEPA."

26. The NPS will accept public comment on the proposed rule through July 20, 2015. The timely release of these requested records will allow the public to make informed comments to the proposed rule, and will contribute significantly to public understanding of governmental activities.

27. On April 30, 2015, NPS informed Plaintiff by email that it had received Plaintiff's April 20, 2015 FOIA request and had assigned it tracking number NPS-2015-00570. The confirmation email stated that the agency would make an initial response to the request on or before May 28, 2015 (the 20 day deadline imposed by 5 U.S.C. § 552(a)(6)(A)(i) and 43 C.F.R. § 2.16), and that final document production would occur on or before July 25, 2015.

28. As of today's date of June 9, 2015, Plaintiff has not received any records responsive to its April 20, 2015 FOIA request.

29. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

30. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.  Prompt release of the records – which include studies and other documents that form the basis for NPS's proposed changes to the rule – is particularly crucial to allow for informed public comment before the comment period expires on July 20, 2015.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant's failure to disclose the records requested under Request Nos. NPS-2015-00172 and NPS-2015-00570 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of the Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 *et. seq*.

### Violation of the Administrative Procedure Act

33. Plaintiff incorporates the allegations in the preceding paragraphs.

34. Defendant's failure to disclose the records requested under Request Nos. NPS-2015-00172 and NPS-2015-00570 within the time frames mandated by statute is an arbitrary and capricious action that violates the Administrative Procedure Act, 5 U.S.C. § 500 *et. seq*.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

  iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

  iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: June 9, 2015

        Respectfully submitted,

     __/s/ Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility,
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Attorney for Plaintiff*